On Rehearing.

Thomson, P.J.
Action on a promissory note made on the 8th day of November, 1889, by the plaintiffs in error to the defendant in error, and payable forty-five days after its date. The complaint which was filed on the 11th day of April, 1899, set forth the note, alleged that certain payments were endorsed upon it, the last endorsement being dated May 13,1893, and averred the nonpayment of the residue for which judgment was demanded. The answer denied payment of any sum upon the note by the defendants or either of them, and alleged that the cause of action did not accrue within sis years before the commencement of the suit. The replication was a denial. Judgment was rendered for the plaintiff, and the defendants appealed.
This action was brought in the county court of Clear Creek county. The note by its terms was payable at the Bank of Clear Creek County. Before trial the defendants moved to change the place of trial from the county court of Clear Creek county to the county court of Routt county on the grounds that the defendants were both residents of Routt county, and that the summons in the action was served upon them in that county. The motion was supported by the affidavits of the defendants. The plaintiff met the defendants’ affidavit by the affidavit of its assistant cashier, from which it appears that its place of business being the place where the note was payable was at Georgetown in Clear Creek county. The statements in this affidavit were not controverted. The motion was denied. Actions on contracts are triable in the county in which the defendants or any of them may reside at the commencement of the action, or in the county where the plaintiff resides, when service is had on the defendants in such county, or in the county where the contract is to be per *446 formed. — Mills’ Arm. Code, sec. 27. And'where the action is not' brought in the proper county, on application of the defendant the venue will be changed to the county where the cause is triable. — Mills’ Ann. Code, see. 29.
From the showing which was made it sufficiently appears that the county in which the action was brought was the county in which the contract was to be performed, and was therefore the proper county for trial. The motion was correctly denied.
For the purpose of verifying’ the endorsements on the note the defendant offered in evidence its book of original entries and also produced its assistant cashier, who testified that he wrote the endorsements on the back of the note and made the entries in the book. The entries, as to dates and amounts,, corresponded with the endorsements. It is provided by our statute that no endorsement or memorandum of payment written on a promissory note shall be sufficient proof of payment to avoid the bar (Mills’ Ann. Stats., sec. 2921), and the book was offered in support of the endorsements. Whether the book itself was sufficiently authenticated to render it admissible we need not inquire, because objection of insufficient authentication was not made. The objections, as made, were that it proved nothing, and that it was not admissible under the pleadings. We do not understand these objections.. The book corroborated the endorsements and supported the allegations of the complaint respecting them. The objection was overruled, and correctly so.
Mr. Dewey testified that all the payments endorsed upon- the note were made by the defendant, Coulter; that the defendant Bichardson made none. The judgment was against both defendants. But the payments by Coulter operated to avoid the bar of the statute only as to himself. They did not affect *447 the standing of Eichardson. As he had never made ,any payment the action as to him was barred, and it was error to render judgment against him. — Mills ’ Ann. Stats., sec. 2922.
As to Coulter, the judgment will be affirmed. As to Eichardson it will be reversed, with instruction to enter judgment in his favor.
It is so ordered.
Maxwell, J., not sitting.